Pfleger, J.
I dissent from the opinion so far as special charges 7, 8 and 9 are concerned. I agree in the error shown to exist in special charge 10 and in the result reversing the case, but mainly on the ground that the trial judge erred in his general charge in omitting common law duties and in practically limiting plaintiff’s right to recover to a case under the misdemeanor statute.
A defendant certainly has the right to demand the giving of a special charge that if one only of several elements necessary to establish a case of negligence has been made out, such element alone does not create a liability against' him. Special charges 7, 8 and 9 charging that the mere sale of a deadly poison to a stranger is not negligence in the case at bar if there is no other element of negligence present, are not misleading.
Morgan v. State, 48 O. S., 397, decided that it is error in a general charge to give undue prominence or single out isolated facts and charge thereon, as it tends to distort its importance in the estimation of the jury. This is undoubtedly true, where the court instructs affirmatively and of its own motion.
In Railroad Co. v. Richerson, 19 C. C., 373, it is held as properly refused special charges in which some act or item of conduct is selected and the court is requested'to charge that that alone would.not constitute negligence. The particular charge passed on in that case is not set out in the report. Possibly such charge was misleading in form.
The statute authorizing special charges must serve some purpose and is available for a defendant as well as a plaintiff. If a defendant is made liable only because more than one element of negligence must be proven, it would certainly impair his *67 right to a full defense if he were prevented from arguing and having the jury charged that a failure to prove all such elements entitles him to a verdict. A special charge to that effect when not misleading should be allowed. I believe there was no error committed in the giving of charges 7, 8 and 9.
In the case last cited a special charge, that the defendant was .not negligent in leaving cars on its track was properly refused, because this assumes that it was no act of negligence whatsoever or at least might lead a jury into such a belief.
Charge 10 in this case would fall within that description. That a sale of arsenic to an adult person of ordinary appearance, giving a satisfactory account of the person for whom and the purpose for which the arsenic was bought, is not in itself a. negligent act, is incorrect, because in the first place it would be a negligent act under certain circumstances and, secondly, it might mislead the jury into the belief that such an act would not either of itself or in connection with other evidence tend in any degree to establish negligence.
With all deference to the judgment of my learned colleagues I find the errors in the general charge to be more serious. The petition sets out violation of the statute. It is sufficient to cover, a common law liability. The learned trial judge below appears to have confined the case entirely to a liability under Section 6957, Revised Statutes, which punishes as a misdemeanor the sale of arsenic in certain quantities and under certain restrictions and the sale of any poison to a minor or without being properly labeled and registered. A statutory law or an ordinance does not restrict common law liability. It may create an additional right or remedy. Our Supreme Court has said that statutory law (referring to this Section 6957) is proper to be submitted to the jury and is some evidence in considering the liability of the defendant. Davis v. Guarnieri, 45 O. S., 484.
The court below charged as follows:
“I announce to you first that a sale of arsenic or poison is not prohibited by the law. It is a legitimate act, it is a legitimate commodity. It may be sold and it may be purchased and no degree of blame can be attached either to the one or to the other, *68 the seller or the buyer. The statute determines how poisons may be sold,” etc.
Galvin & Bauer, for plaintiff.
Edward M. Ballard, for defendant.
Nowhere is the common law duty defined.
The allegation in the petition concerns a sale made to a servant who was irresponsible mentally, and a total stranger to the defendant. The evidence shows that this servant worked for a physician; that she was refused the drug at the first inquiry, and that she had no written prescription or order and gave conflicting excuses. The concrete law as to the defendant’s liability under the peculiar circumstances in this ease was nowhere stated. This the defendant was entitled to have explained.
So the court below charged:
“If you find from the testimony that there was — examining all the duties that rest upon the defendant to exercise care and caution, scrutiny and observation, and if you find the absence of such care as that, if you should find that he failed in the exercise of these duties which I have shown to you are all that are expected of him, then you would be justified in fitiding a verdict for the defendant. ’ ’
This is probably a slip of the tongue or the pen, but its damaging effect is nowhere explained and it is part of the record before us. This charge is simply saying that if the defendant was guilty of negligence he is excused instead of being liable. This is without doubt prejudicial error. For the reasons given I think the judgment should be reversed.